**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HOWARD BRAUN,

        Plaintiff,

v.

TD BANK, N.A. and EXPERIAN
INFORMATION SOLUTIONS,
INC., a foreign for-profit corporation,

        Defendants.
_____/

Case No.: 8:20-cv-2951-T-33TGW

## JOINT MOTION TO MODIFY FAST-TRACK SCHEDULING ORDER

Plaintiff, HOWARD BRAUN (hereinafter, "Plaintiff") and Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TD BANK, NA (hereinafter, TDB") (collectively, the "Parties"), by and through undersigned counsel, respectfully request that this Court enter an Order modifying the Fast-Track Scheduling Order to appoint a substitute mediator (and consider the Parties' agreement on an identified mediator), permitting mediation to be conducted remotely via the use of communication technology, and extending the deadline to notice mediation by fourteen (14) days after appointment of a substitute mediator.  In support thereof, the Parties state as follows:

**I.    PROCEDURAL HISTORY**

1.   On December 10, 2020, Plaintiff filed this original action (Dkt. 1) Experian and TDB.

2.   On December 8, 2020, the Court entered its Fast-Track Scheduling Order (hereinafter, "Fast-Track Order") (Dkt. 8).

3.   The Fast-Track Order appointed Peter J. Grilli as mediator and requires the Parties

1

to notice mediation by January 19, 2021 and conduct mediation no later than May 5, 2021. *See* Dkt. 8.

4. On January 5, 2021, counsel appeared on behalf of TDB (Dkt. 10).

5. On January 5, 2021, counsel appeared on behalf of Experian (Dkt. 13).

6. On January 6, 2021, Plaintiff's counsel circulated an e-mail to all counsel with proposed mediation dates from Mr. Grilli's calendar for coordination. In the same e-mail, Plaintiff's counsel notified all Parties that the earliest available dates for mediation were beyond the May 5, 2021 deadline. All mediations conducted by Mr. Grilli were to be conducted virtually.

7. On January 12, 2021, upon follow-up coordination efforts, Plaintiff's counsel discovered that Mr. Grilli no longer maintained any availability for any mediation sessions in 2021.

8. Accordingly, Plaintiff's counsel informed Experian and TDB of the situation and inquired whether each would oppose a request to: (1) appoint a substitute mediator; (2) propose mediator James Betts, Esq.; and (3) modify the Fast-Track Order to permit an additional 14-days for the parties to coordinate and notice mediation following appointment of a new mediator.

9. On January 14, 2021, Experian communicated its agreement to all relief sought in this Joint Motion.

10. On January 14, 2021, TDB communicated its agreement to all relief sought in this Joint Motion.

## II. THE PARTIES' ACTIVITY AND CIRCUMSTANCES NECESSITATING MODIFICATION

11. The parties, as stated in Section I above, were diligent in their efforts to timely coordinate mediation with the appointed mediator.

12. Through no fault of the parties, the appointed mediator currently maintains no availability to mediate this matter through the year 2021.

13. The parties have conferred and request that the Court appoint a substitute mediator. The Parties have conferred and all agree to recommend that the Court appoint James Betts, Esq. to mediate this matter.

14. Additionally, the Parties request that mediation be permitted to occur virtually via communication equipment. The circumstances necessitating the same are: (1) TDB's employees are not permitted to travel currently on the basis of COVID-19; and (2) Plaintiff is over 80-years old and current CDC COVID-19 recommendations for such individuals includes "limit[ing] your in-person interactions with other people as much as possible, especially when indoors."[1]

15. The Parties also request that, because scheduling has not yet been able to commence in earnest, the Court modify the Fast-Track Order to allow an additional 14-days after appointment of a new mediator, for the parties to coordinate and notice mediation.

### III. MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." In addition to good cause, the parties "must show that despite the party's diligence the deadline could not be met." *Nautilus Ins. Co. v. Naples Water Sports, Inc.*, 2011 WL 13295060, *1, *1 (M.D. Fla. 2011).

The Parties submit that they were each diligent in their efforts to coordinate and notice mediation by the current deadline but the same could not be met.

Here, the parties began efforts to coordinate a mediation date immediately upon the appearance of counsel for all Parties. At the outset of coordination efforts, the Parties became aware that the appointed mediator maintained only limited availability and no available dates prior the mediation deadline set forth in the Fast Track Scheduling Order. As such, the Parties discussed

---

[1] Centers for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html, accessed January 14, 2021.

possible solutions to the same, including potentially setting one of the available dates with the appointed mediator and requesting modification of the Fast-Track Scheduling Order to accommodate such scheduling. During the Parties continued coordination efforts, they discovered that the appointed mediator removed all availability for scheduling in 2021. The Parties also discussed that due to COVID-19 corporate travel restrictions, TDB is unable to be present at in-person mediation. Additionally, Plaintiff is over 80-years old and at increased risk of complications from COVID-19.

Upon discovering the inability to set mediation in 2021 with the appointed mediator, the Parties conferred and agreed to file this joint motion: (1) requesting appointment of a substitute mediator; (2) advising the Court that all parties have agreed to suggest the appointment of mediator James Betts, Esq.; (3) requesting permission to conduct the mediation electronically; and (4) requesting modification of the Fast-Track Scheduling Order to extend the deadline to notice mediation from January 19, 2021 until 14-days following appointment of a substitute mediator.

In light of the above, the Parties respectfully submit their joint request on the basis that good cause exists to grant the Fast-Track Order modifications requested herein.

**WHEREFORE**, the Parties respectfully request that this Court modify the Fast-Track Scheduling Orde as requested herein.

### Rule 3.01(g) Certification

The Parties agree, and jointly request, the relief sought in this Joint Motion.

Dated: January 19, 2021

        Respectfully submitted,

        **SWIFT, ISRINGHAUS & DUBBELD P.A.**

        /s/ *Jordan T. Isringhaus*
        **Aaron M. Swift, Esq., FBN 0093088**
        **Jordan T. Isringhaus, Esq., FBN 0091487**

**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
10460 Roosevelt Blvd. North, Suite 313
St. Petersburg, FL 33703
Phone: (813) 563-8466
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*

-and-

/s/ Maria H. Ruiz
Maria H. Ruiz
Florida Bar No. 182923
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (786) 587-1044
Facsimile: (305) 675-2601
*Attorney for Defendant Experian Information Solutions, Inc.*

-and-

**DUANE MORRIS LLP**

/s/ Kassia Fialkoff
Kassia Fialkoff
Florida Bar No. 117708
Duane Morris, LLP
201 South Biscayne Boulevard, Suite 3400
Miami, FL 33121-4325
Phone: 215.979.1977
Fax: 215.689.4429
*Attorney for Defendant TD Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2021, I filed a true and correct copy of the above and foregoing via CM/ECF which will electronically serve all counsel of record.

/s/ *Jordan T. Isringhaus*
Attorney

5