```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

HOWARD BRAUN,

    Plaintiff,
v.                                  Case No. 8:20-cv-2951-VMC-TGW

TD BANK, N.A. and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant TD Bank, N.A.'s Motion to Dismiss (Doc. # 31), filed on March 8, 2021. Plaintiff Howard Braun responded on March 19, 2021. (Doc. # 35). For the reasons that follow, the Motion is granted in part and denied in part as set forth herein.

**I.   Background**

"On or about March 30, 2018, [Braun] entered into a relationship with [TD Bank] for the opening of a credit card account, identified by an account number ending in -6475 (hereinafter, 'Account')." (Doc. # 26 at 8). The "Account is a consumer account and was established primarily for [Braun's] personal, family or household use." (Id.). TD Bank issued Braun a credit card. (Id. at 10).

1

Around December 15, 2019, TD Bank called Braun about a potentially fraudulent charge on his account. (Id.). "The alleged fraud was in relation to a charge for $1,700.00 by 'GROUPON INC.'" (Id.). Braun "confirmed to [TD Bank] on the telephone call that the $1,700.00 charge by 'GROUPON INC.' was not authorized and was fraudulent ('Fraudulent Charge')." (Id.). Indeed, according to Braun, "neither [Braun] nor any person with actual, implied, or apparent authority initiated the Fraudulent Charge and [Braun] received no benefit from the Fraudulent Charge." (Id.).

"On December 20, 2019, [TD Bank] sent [Braun] two letters," which "acknowledged 'receipt of [Braun's] report of fraudulent activity' on the Account, requested the return of a 'Declaration of Fraudulent Activity,' advised that [Braun's] Account would be credited, and asserted that [TD Bank] would undertake an investigation." (Id. at 10-11). Braun alleges he completed and returned this paperwork to TD Bank. (Id. at 11).

"On January 30, 2020, [TD Bank] sent [Braun] a letter advising that, as a result of its investigation, [TD Bank's] position was that the Fraudulent Charge was legitimate and authorized, that [Braun] was financially responsible for the Fraudulent Charge, and that the provisionally-issued credit

2

to the Account in the amount of the Fraudulent Charge would be reversed ('January Letter')." (Id.).

"Within one week of [Braun's] receipt of the January Letter, [Braun] called [TD Bank] via telephone and again advised [TD Bank] that the Fraudulent Charge was illegitimate and to discuss the January Letter." (Id.). Yet, on "February 15, 2020, [TD Bank] re-applied the Fraudulent Charge to [Braun's] Account." (Id.).

Then, on May 15, 2020, TD Bank sent Braun a collection letter "in an attempt to collect the Debt (inclusive of the Fraudulent Charge) and requested that [Braun] remit full payment of the Fraudulent Charge." (Id. at 11-12). Braun's "Account has never been reimbursed for the Unauthorized Transfers." (Id. at 12).

"On or about October 1, 2020, [Braun] obtained a copy of his consumer disclosures from Equifax, Experian, and Trans Union." (Id. at 12). "Despite having informed [TD Bank] that the Account's balance was incorrect and comprised entirely of a single unauthorized charge, [TD Bank] falsely and inaccurately reported that the Account associated with the Debt bore: (1) a balance due in the amount of $1,700.00; (2) a status of 'over 120 days past due;' (3) a date of first delinquency of May 1, 2020; and (4) an amount past-due of

3

$329.00." (Id.). "As a result of the inaccurate reporting of the Debt on [Braun's] Credit Reports, [Braun] was continually evaluated for credit using consumer reports that inaccurately reported the Debt." (Id. at 13). Additionally, Braun "suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that despite the fact that the Debt was the result of unauthorized use of the Account, and despite [Braun's] dispute efforts, [Braun] must endure the erroneous and inaccurate reporting of the Debt." (Id. at 13-14).

Braun initiated this case against TD Bank and Experian Information Solutions, Inc. on December 10, 2020. (Doc. # 1). Braun filed his amended complaint on February 22, 2021, asserting the following claims: violation of the Truth in Lending Act ("TILA") against TD Bank (Count I); violation of the Florida Consumer Collection Practices Act ("FCCPA") against TD Bank (Count II); violations of various sections of the Fair Credit Reporting Act ("FCRA") against Experian (Counts III, IV, V, VI); and violation of the FCRA against TD Bank (Count VII). (Doc. # 26).

Now, TD Bank moves to dismiss Counts I, II, and VII of the amended complaint. (Doc. # 31). Braun has responded (Doc. # 35), and the Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

5

### III. Analysis

TD Bank moves to dismiss the three counts against it. The Court will address each count in turn.

#### A. Count I

The TILA imposes civil liability on "any creditor who fails to comply with any requirement imposed under this part . . . with respect to any person." 15 U.S.C. § 1640(a). Under Section 1643(a), a cardholder may only be held liable for an unauthorized use of the credit card up to a limit of $50, if certain conditions are met. 15 U.S.C. § 1643(a). "[T]he statute's plain meaning places a ceiling on a cardholder's obligations under the law and thus limits a card issuer's ability to sue a cardholder to recover fraudulent purchases." Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 217 (3d Cir. 2010). The statute defines "unauthorized use" as "a use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." 15 U.S.C. § 1602(p).

TD Bank argues that the TILA claim should be dismissed because Braun "fails to allege a single fact to support his conclusory allegation that the disputed charge was 'unauthorized.'" (Doc. # 31 at 5).

6

The Court disagrees with TD Bank. The amended complaint alleges that the charge was unauthorized and that "neither [Braun] nor any person with actual, implied, or apparent authority initiated the Fraudulent Charge and [Braun] received no benefit from the Fraudulent Charge." (Doc. # 26 at 10). While that statement mirrors the statutory language, additional allegations in the amended complaint raise the plausible inference that the charge at issue was indeed fraudulent. For example, Braun alleges he first learned of the allegedly fraudulent use of his credit card when TD Bank called to alert him to the suspicious charge. (Id.). When informed of the charge for $1,700 with Groupon Inc., Braun confirmed to TD Bank that he did not authorize that charge. (Id.).

Taken together, Braun has sufficiently alleged that the use of his credit card was unauthorized under the TILA. The Motion is denied as to Count I.

B.  **Count II**

In Count II, Braun asserts a claim under the FCCPA. (Doc. # 26 at 17-18). Braun alleges TD Bank violated two subsections of Section 559.72:

In collecting consumer debts, no person shall:

7

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(7), (9).

"When determining whether a communication is 'in connection with the collection of any debt,' [courts] look to the language of the communication in question — specifically to statements that demand payment and discuss additional fees if payment is not tendered." Farquharson v. Citibank, N.A., 664 F. App'x 793, 801 (11th Cir. 2016). The Court is also mindful that "[t]o be 'in connection with the collection of a debt,' a communication need not make an explicit demand for payment. However, an animating purpose of the communication must be to induce payment by the debtor." Goodin v. Bank of Am., N.A., 114 F. Supp. 3d 1197, 1205 (M.D. Fla. 2015)(citations and internal quotation marks omitted). Additionally, a "communication can have more than one purpose, for example, providing information to a debtor as

8

well [as] collecting a debt." Pinson v. Albertelli L. Partners LLC, 618 F. App'x 551, 553 (11th Cir. 2015).

TD Bank argues Count II should be dismissed because "the single Letter sent to [Braun] in May of 2020 did not abuse or harass [him] nor did it seek to enforce a debt TD Bank knew was not legitimate." (Doc. # 31 at 6). According to TD Bank, "none of [the] indicators of collection efforts are present here" because the letter stated "simply that TD [Bank] has not received the minimum payment due on the account in the amount of $176.00 (not $1,700.00 as so alleged in the Amended Complaint), the account is past due, and that the account will be reported to the credit reporting agencies if the payment is not made." (Id. at 7). TD Bank asserts that "[t]he letter did not demand payment, it did not indicate that any punitive actions would be taken if [Braun] failed to make the minimum payment, nor did it describe any collection efforts to be taken." (Id. at 7-8).

Here, while the letter does not discuss the imposition of additional fees, the collection letter does contain indicators of collection efforts. Notably, the letter states that it is "an attempt to collect a debt." (Doc. # 26-4 at 2). It asserts that TD Bank has not received a minimum payment of $176 and Braun's account was "30 days past due," requiring

9

TD Bank "to notify the credit reporting agencies that your account is delinquent." (Id.). After this explanation that the alleged delinquency would be reported to credit reporting agencies (and thus negatively affect Braun's credit history), the letter requests that Braun "please send [his] payment right away" to "avoid further adverse reporting on [his] consumer credit file." (Id.).

This letter thus contained at least an implicit request for payment and an implicit threat of additional reporting to credit reporting agencies if payment was not made. See Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1303 n.2 (11th Cir. 2014)("[A]lthough there may not have been such an express demand in this case, it is clear in this case that there was an implicit demand for payment. The letter states the amount of the debt, describes payment by the debtor in certified funds, gives the phone number and address of the law firm to which payment is obviously contemplated, and expressly states that the letter is for the purpose of collecting a debt. Under these circumstances, we have no trouble concluding that the letter qualifies as an initial communication."); see also Pinson, 618 F. App'x at 554 (holding that letters were "communications sent in connection with the collection of a debt" because "[e]ach contained an implicit demand for

10

payment, because they stated the amount of the debt, described how the debt could be paid" and "[b]oth letters expressly indicated that they were written in an attempt to collect a debt"). Thus, Braun has plausibly alleged that the letter was sent to enforce a debt and could be reasonably expected to harass Braun, given that it was an attempt to collect a debt that Braun had more than once informed TD Bank was fraudulent. See Brown v. Ocwen Loan Servicing LLC, No. 8:18-cv-136-TPB-AEP, 2019 WL 4221718, at *7 (M.D. Fla. Sept. 5, 2019)("Generally, whether communications or other conduct were willful and harassing are factual issues for the jury to decide.").

Next, TD Bank argues that the amended complaint "contains no facts showing that TD Bank knew the Charge was not legitimate," as required to state a claim under Section 559.72(9). (Doc. # 31 at 8). The Court disagrees.

The amended complaint asserts that TD Bank had "actual knowledge of the fraud" and provides factual allegations that support this inference. Specifically, Braun alleges that TD Bank on its own suspected fraud and so called him to discuss it. (Doc. # 26 at 10). During that call, Braun confirmed to TD Bank that the charge was fraudulent. (Id.). Later, Braun returned a "Declaration of Fraudulent Activity" to TD Bank.

(Id.). Although TD Bank subsequently imposed the charge as authorized after its investigation, Braun's statement and declaration plausibly support that TD Bank knew that the charge was, in fact, fraudulent.

The Motion is denied as to Count II.

### C.   Count VII

In Count VII, Braun asserts TD Bank violated Section 1681s-2(b) of the FCRA "by willfully and/or negligently publishing or furnishing inaccurate trade-line information within [Braun's] Credit Reports, failing to fully and properly re-investigate [Braun's] Dispute, failing to review all relevant information regarding the same, and failing to correctly report the Account on [Braun's] Credit Reports after re-investigating [Braun's] Dispute." (Doc. # 26 at 25).

"Under [Section] 1681s-2(b), after a furnisher [like TD Bank] receives notification from a [credit reporting agency] that a customer disputes the information it furnished, the furnisher must conduct an investigation, review all relevant information provided by the [credit reporting agency], and report its results to the [credit reporting agency]." Hunt v. JPMorgan Chase Bank, Nat'l Ass'n, 770 F. App'x 452, 457 (11th Cir. 2019)(quoting 15 U.S.C. § 1681s-2(b)(1)). The Eleventh Circuit has "explained that [Section] 1681s-2(b) contemplates

three possible outcomes of a satisfactory investigation: (1) the information is accurate and complete, (2) the information is inaccurate or incomplete, or (3) the information cannot be verified." Id. Courts "evaluate under a reasonableness standard whether the furnisher has satisfied its obligation to conduct an investigation under [Section] 1681s-2(b)." Id. "When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." Id. (quoting Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312 (11th Cir. 2018)).

First, TD Bank argues that the amended complaint "does not allege any facts that plausibly show how TD Bank failed to conduct a reasonable investigation." (Doc. # 31 at 9).

The Court agrees. To state a claim, Braun must do more than track the statutory language regarding TD Bank's duties. Here, "[t]o the extent an investigation was conducted [by TD Bank], it is unclear how the investigation failed to meet the requirements of the statute. Therefore, [Braun has] failed to put [TD Bank] on notice as to the nature of [its] alleged violation of 15 U.S.C. § 1681s–2(b)." Smith v. Bank of Am.

13

Home Loans, 968 F. Supp. 2d 1159, 1167 (M.D. Fla. 2013); see also Green v. Chase Bankcard Servs., Inc., No. 8:16-cv-3252-VMC-AAS, 2017 WL 1135314, at *3 (M.D. Fla. Mar. 25, 2017)(dismissing Section 1681s-2(b) claim that stated "in a conclusory fashion" that defendant "failed to properly conduct a reasonable investigation" without "elaborat[ing] as to how [defendant's] investigation, if one was initiated, was unreasonable" or what alleged "mathematical errors" resulted in the miscalculation of the debt).

For example, while Braun conclusorily alleges that TD Bank did not use "all information reasonably available to" it during its investigation (Doc. # 26 at 26), he fails to allege what information TD Bank did not review. See Aknin v. Experian Info. Sols., Inc., No. 17-22341-CIV, 2017 WL 5508385, at *2 (S.D. Fla. Nov. 15, 2017)(dismissing Section 1681s-2(b) claim where the allegations "simply parrot[ed] the [statutory] language of each required element," including that defendant "failed to review all relevant information regarding the disputed account" without "identify[ing] any information that [defendant] failed to review"). Thus, Count VII must be dismissed with leave to amend to rectify this issue.

TD Bank additionally argues that the amended complaint does not sufficiently allege that Braun incurred damages as

14

a result of the alleged FCRA violation. (Doc. # 31 at 10-11). However, the Court disagrees.

Braun alleges that he "was unable to obtain or maintain credit at market rates and terms for individuals who did not have outstanding, late, or past-due balances reported on their credit reports" and suffered "emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion." (Doc. # 26 at 13, 26). These are plausible allegations of actual damages and are sufficient at the motion to dismiss stage. See Hunter v. adp Screening & Selection Servs., Inc., No. 6:15-cv-845-GAP-TBS, 2016 WL 4992472, at *4 (M.D. Fla. Sept. 19, 2016)("Plaintiff alleges non-economic damages in the nature of emotional distress, embarrassment, humiliation, and harm to reputation. The Eleventh Circuit has recognized, without deciding, that a plaintiff seeking actual or compensatory damages under the FCRA might be entitled to recover compensation for emotional distress."). Thus, Braun has properly alleged damages and need not amend as to this issue.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant TD Bank, N.A.'s Motion to Dismiss (Doc. # 31) is **GRANTED** in part and **DENIED** in part.

15

(2)  The Motion is denied as to Counts I and II.

(3)  Count VII is dismissed without prejudice.

(4)  Plaintiff Howard Braun may file a second amended complaint solely to rectify the issues with Count VII by **April 6, 2021.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of March, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE